UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at LONDON**

| | |
|---|---|
| ROGER DEAN HALL, | ) |
| Petitioner, | ) Case No. 6:17-cv-197-JMH-CJS |
| v. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| JAMES DAVID GREEN, WARDEN,[1] | ) |
| Respondent. | ) |

\* \* \* \* \* \* \*

Petitioner Roger Dean Hall has filed a *pro se* Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (R. 1). Respondent filed an Answer (R. 9), to which Hall filed a Reply (R. 11). Having all relevant documents before the Court, the matter is now ripe for consideration and preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons set forth below, it will be recommended that Hall's § 2254 Petition be denied.

**I.   PROCEDURAL BACKGROUND**

In December 2008, a grand jury returned an Indictment in the Harlan County, Kentucky, Circuit Court, case number 08-CR-710, alleging that Petitioner Hall unlawfully aided Raymond Harris in the commission of the murder of Harlan County Sherriff Paul Browning, Jr. by providing Harris with money and a handgun and, further, that Petitioner aided Dwayne Harris in the commission of drug trafficking by "taking payoffs in return for providing assistance in" drug

---

[1] When Hall originally filed his Petition, he was incarcerated at the Eastern Kentucky Correctional Complex, where Kathy Litteral was previously the Warden. Hall is still incarcerated at the Eastern Kentucky Correctional Complex, but the Warden is now James David Green. The only proper respondent to a habeas petition is the petitioner's custodian. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. Therefore, the Court substitutes James David Green, Warden, in the case caption, which substitution shall be recorded by the Court Clerk on the case docket sheet.

trafficking activities. (R. 9-2, at 1-2). The Indictment charged Petitioner with two counts of criminal conspiracy to commit murder and one count of complicity to commit trafficking in a controlled substance in the first degree. (*Id*.). On September 29, 2009, by a criminal information in Harlan Circuit Court case number 09-CR-572, Petitioner was also charged with three counts of trafficking in a controlled substance in the first degree. (*Id*. at 4-5).

In 2009, Petitioner entered an *Alford* plea to amended charges in both cases of two counts of criminal facilitation to commit murder and four counts of complicity to traffic in a controlled substance in the second degree. (*Id*. at 7-17, 58). Petitioner appeared in Harlan Circuit Court on November 2, 2009, to plead guilty, and a final judgment was entered on November 9, 2009 sentencing Petitioner to five years on each of the six counts, to be served consecutively, for a total sentence of imprisonment of thirty years as recommended by the plea agreement. (*Id*. at 15-17; 58). Under the plea agreement, Petitioner agreed to waive the maximum sentence limit for consecutive Class D Felonies under Kentucky law. (*Id*. at 12, 60-61).

Petitioner did not file a direct appeal. Rather, almost six years after his judgment, on May 11, 2015, Petitioner filed a *pro se* "Motion to Correct Invalid Sentence" under Kentucky Rule of Criminal Procedure ("RCr") 11.02, which the circuit court construed as a motion brought pursuant to RCr 11.42 because the former rule "provides no relief from sentencing mistakes." (*Id*. at 18-25, 58). The Harlan Circuit Court entered an order on August 3, 2015, denying the motion as untimely. (*Id*. at 25-26, 59). On April 5, 2016, the Kentucky Court of Appeals affirmed the decision of the Harlan Circuit Court, finding the motion untimely and further holding that Hall's argument that his sentence was invalid failed on the merits under Kentucky law. (*Id*. at 57-61). On August 17, 2016, the Kentucky Supreme Court denied discretionary review. (*Id*. at 63).

On July 14, 2017, Petitioner Hall, *pro se*, filed with this Court his Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus. (R. 1). In his Petition, Hall asserts that his thirty-year sentence is now in violation of state law based on the Kentucky Supreme Court's ruling in *McClanahan v. Commonwealth*, 308 S.W.3d 694 (Ky. 2010), and that the "Harlan Circuit Court abused it's authority when it refused to correct" his unlawful sentence. (*Id*. at 7; R. 1-1, at 9-13). He further argues that because his sentence is now unlawful, he is being imprisoned in violation of Supreme Court precedent, the Due Process Clause of the Fifth and Fourteenth Amendments, and the Eighth Amendment of the United States Constitution, as well as the Kentucky Constitution. (R. 1-1, at 8-13). He also asserts that the Harlan Circuit Court abused its discretion when it amended Petitioner's motion from one brought pursuant to RCr 11.02 to one brought under RCr 11.42 because under the Kentucky Supreme Court's ruling in *Winstead v. Commonwealth*, 327 S.W.3d 479 (Ky. 2010), "sentencing errors are not reviewable under a RCr[] 11.42 rule." (R. 1, at 7; *Id*. at 6).

## II.   ANALYSIS

### A.   The § 2254 Petition is Untimely.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner generally has only one year in which to file a federal petition for writ of habeas corpus. *See* 28 U.S.C. § 2244(d). The AEDPA statute of limitations begins to run from the latest of four circumstances:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The circumstance applicable to Petitioner's case is "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Here, Petitioner's judgment was entered by the Harlan Circuit Court on November 9, 2009, following the entry of his *Alford* plea. (R. 9-2, at 15). While Hall waived his right to appeal within his plea agreement, "a defendant may by direct appeal challenge the legality of a sentence imposed pursuant to a guilty plea because sentencing issues are considered 'jurisdictional' and cannot be waived." *Elmore v. Commonwealth*, 236 S.W.3d 623, 626 (Ky. Ct. App. 2007). Out of an abundance of caution, the Court will assume for purposes of the present Petition that, because Petitioner is challenging the legality of his sentence, he would have been able to file a direct appeal in his case. Under Kentucky law, Hall had thirty days to appeal his sentence. *See* Ky. RCr 12.04(3). Therefore, Petitioner's judgment became final on December 9, 2009. Thus, Petitioner's one-year period under the AEDPA expired on December 9, 2010, and, consequently, Petitioner's pending § 2254 Petition filed in 2017 is barred by the statute of limitations.

Hall asserts his Petition is timely based on various grounds. First, he argues his Petition is timely because of the timing of his discovery of the Kentucky Supreme Court's ruling in *McClanahan v. Commonwealth*. (R. 1, at 11). Further, Petitioner asserts his Petition is timely because it was filed within one year of the Kentucky Supreme Court's denial of his motion for discretionary review. (R. 1-1, at 3). Next, he argues that because Kentucky precedent has left him with no remedy within state court, Respondent cannot rely on a time limitation or procedural bar.

4

(R. 1, at 11). Finally, Hall argues his petition is timely based on the "miscarriage of justice exception." (R. 1-1, at 13; R. 11, at 7).

First, he argues his Petition is timely because "the facts necessary to support [his] petition were not available . . . prior to" the Kentucky Supreme Court's decision in *McClanahan v. Commonwealth*. (R. 1, at 11). To the extent that the Petitioner is asserting § 2244(d)(1)(D) is applicable, such argument is misplaced. This Court has held that under § 2244(d)(1)(D) "[t]he 'factual predicate of the claim' applies to facts necessary to stating a plausible claim for relief" and "[c]hanges in substantive law . . . generally are not facts supporting a claim." *Goble v. Taylor*, No. 14-cv-58-ART-REW, 2015 WL 770389, at *3 (E.D. Ky. Feb. 19, 2015). Nor can Petitioner assert § 2244(d)(1)(C) is applicable, as this subsection requires the United States Supreme Court to recognize a new constitutional right that is retroactively applicable to cases on collateral review. Here, the *McClanahan* decision was a change in substantive state law and was not a decision by the U.S. Supreme Court recognizing a new constitutional right. Thus, neither § 2244(d)(1)(C) nor (D) is applicable. As a result, Hall's argument to overcome the expired statute of limitations fails.

Next, Petitioner asserts his Petition is timely because the federal statute of limitations did not begin to run until the Kentucky Supreme Court denied his motion for discretionary review on August 27, 2016. (R. 1-1, at 3; *Id*. at 63). In support, he cites to Kentucky Civil Rule 60.02(e), arguing "there is no time limit to correct a void judgment, or sentence." (R. 1-1, at 3). However, § 2244 provides that it is at the conclusion of direct review, not collateral review, that the one-year statute of limitations begins to run. 28 U.S.C. § 2244(d)(1). Moreover, the one-year period of limitations provided by the AEDPA is tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "The tolling provision does not, however,

5

'revive' the limitations period (i.e. restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (internal citations omitted). Hall's one-year statute of limitations to file his § 2254 Petition expired one-year after his judgment became final on December 9, 2009. Hall did not file a § 2254 petition within the subsequent one-year period, nor within that year did he file a "properly filed application for State post-conviction or other collateral review" that would have tolled the one-year period until that properly filed application was adjudicated. Thus, Hall's filing of his RCr 11.02 or construed RCr 11.42 in 2015 did not restart his otherwise expired limitations period for filing his § 2254 Petition.

Petitioner also argues that because Kentucky precedent has left him with no remedy within state court to correct his invalid sentence, "Kentucky . . . can not [sic] now rely on a time limit, or procedural bar . . . ." (R. 1, at 11). He argues that he waived his right to direct appeal and, additionally, that under *Winstead v. Commonwealth*, 327 S.W.3d 479 (Ky. 2010), RCr 11.42 cannot be used to correct an invalid sentence. (*Id*. at 7, 11; R. 1-1, at 6). He also asserts Kentucky Civil Rule 60.02 cannot be used to correct an invalid sentence pursuant to *Sanborn v. Commonwealth*, 975 S.W.2d 905 (Ky. 2009). (R. 1, at 11).

Hall's argument that Kentucky precedent has left him with no remedy in state court is inaccurate. Under RCr 11.42, "A prisoner in custody under sentence . . . who claims a right to be released on the ground that the sentence is subject to collateral attack may at any time proceed directly by motion in the court that imposed the sentence to vacate, set aside or *correct it*." Ky. R. Crim. P. 11.42(a) (emphasis added). Kentucky precedent dictates that "the proper procedure for a defendant aggrieved by a judgment in a criminal case is to directly appeal that judgment . . . [then] a defendant is required to avail himself of RCr 11.42 . . . ." *Gross v. Commonwealth*, 648 S.W.2d 853, 857 (Ky. 2008). "Only after these avenues are exhausted can a defendant claim grounds for

CR 60.02 relief." *Meece v. Commonwealth*, 529 S.W.3d 281, 285 (Ky. 2017). Thus, under Kentucky precedent, RCr 11.42 and CR 60.02 are available avenues for a prisoner to seek to correct a sentence.

Further, to the extent Hall argues that because he waived his right to appeal, he could not collaterally attack his sentence at the state level, this argument is without merit. The Kentucky Court of Appeals has clarified that a plea agreement which only waives a defendant's right to directly appeal his judgment "does not preclude [him] from seeking relief under RCr 11.42" or from collateral attack. *Edmonds v. Commonwealth*, No. 2017-CA-176-MR, 2018 WL 1357466, at *2 (Ky. Ct. App. Mar. 16, 2018). Moreover, the Kentucky Supreme Court has held that "[a] sentence imposed beyond the limitations of the legislature as statutorily imposed is unlawful and void . . . [and] CR 60.02 provides the proper remedy for relief." *Phon v. Commonwealth*, 545 S.W.3d 284, 304 (Ky. 2018). However, "[t]his holding is narrow: only a sentence that is illegal and was illegal at the time it was imposed would fall within this holding." *Id*. Thus, contrary to Petitioner's assertion, RCr 11.42 and CR 60.02 can be used to correct an invalid sentence.

Finally, Hall argues that the "miscarriage of justice exception" is applicable "to overcome expiration of the statute of limitations governing." (R. 1-1, at 13; R. 11, at 6, 7). Hall states that the U.S. Supreme Court's decision in *Coleman v. Thompson*, 501 U.S. 722 (1991) provides the proper standard of review. Hall proceeds to attempt to establish cause and prejudice for his failure to timely file his Petition. (R. 1-1, at 9-13; R. 11, at 6, 7). But Petitioner confuses the standard of review for overcoming procedural default rather than an expired statute of limitations. A petitioner may overcome procedural default of their claims when they "can demonstrate 'cause' for the default and 'prejudice.'" *McQuiggin v. Perkins*, 569 U.S. 383, 403 (2013) (citing *Coleman*, 501 U.S. at 750). However, in order for a petitioner to overcome expiration of the AEDPA's one-year

7

statute of limitations, they must prove actual innocence. *Id*. at 386. This standard requires the petitioner "to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence– that was not presented at trial." *Schulp v. Delo*, 513 U.S. 298, 342 (1995). "'[A] petitioner does not meet [this] threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386 (quoting *Schulp v. Delo,* 513 U.S. at 329). Here, Petitioner does not argue that he is actually innocent of his underlying offenses. Rather, Hall entered an *Alford* plea to his underlying offenses and now only asserts that his plea agreement is void because he agreed to a sentence in excess of the statutory maximum under state law, rather than because he is innocent of the underlying convictions.

In addition, Hall has not provided any information that would suggest or support equitable tolling. The AEDPA statute of limitations is not jurisdictional, and, therefore, equitable tolling may be appropriate in some circumstances. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (citing *Day v. McDonough*, 547 U.S. 198, 205 (2006)). Equitable tolling allows a court to toll a statute of limitations when "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (citing *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)) (internal quotations omitted). The petitioner bears the burden of showing that he is entitled to equitable tolling by demonstrating 1) "some extraordinary circumstance stood in his way and prevented timely filing" and 2) "he has been pursuing his rights diligently." *Holland*, 560 U.S. at 649 (internal citations omitted). However, a district court should

apply equitable tolling "sparingly" and on "a case-by-case basis." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (citations omitted).

Here, Hall does not offer any grounds or evidence that would trigger the doctrine of equitable tolling. The record demonstrates that Hall did not seek post-conviction relief through a construed RCr 11.42 motion until 2015, almost six years after he was sentenced. (R. 9-2, at 18-24). This delay in action does not portray the diligent pursuit of one's rights. Moreover, Hall does not claim – and nothing in the record indicates – that an extraordinary circumstance caused Hall's untimely filing. *See Holland*, 560 U.S. at 649. Thus, equitable tolling is not appropriate in this case.

### B. Merits of the Petition

#### 1. Governing Legal Standard

Even if the Court were to overlook the untimeliness of the Petition, it would fail on the merits. Review of Hall's Petition is governed by provisions of the AEDPA which allows courts to grant habeas relief only when the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This is a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cull v. Pinholster*, 563 U.S. 170, 181 (2011) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)). A petitioner carries the burden of proof. *Id*.

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A state court's decision is considered "contrary to"

clearly established federal law "if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court on a set of materially indistinguishable facts." *Van Tran v. Colson*, 764 F.3d 594, 604 (6th Cir. 2014) (citing *Brown v. Payton*, 544 U.S. 133, 141 (2005)). A state court's adjudication of a claim involves an "unreasonable application" of federal law when "the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts governing the petitioner's case." *Henley v. Bell*, 487 F.3d 379, 384 (6th Cir. 2007) (citing *Williams*, 529 U.S. at 413)). "[C]learly established federal law" under § 2254(d)(1) includes only holdings from the Supreme Court; and for a state prisoner to demonstrate application of such a holding was "unreasonable," he must show that the state court's holding "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White v. Woodall*, 572 U.S. 415, 420 (2004) (quoting *Harrington v. Richter*, 562 U.S. 86, 786-87 (2011)). Therefore, the application must be "objectively unreasonable, not merely wrong; even 'clear error' will not suffice." *Id*. at 419 (quoting *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003)). Moreover, factual findings of the state court are presumed to be correct unless the petitioner can present clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1).

    **2.**    **Petitioner's claim fails on the merits**

Even if the Court were to overlook the untimeliness of the Petition and address the merits of Hall's claim, his Petition would still be dismissed. The Petitioner asserts his thirty-year sentence is in violation of the twenty-year statutory maximum sentence for multiple Class D Felonies under KRS § 532.110(1)(c) and KRS § 532.00(6)(b) based on the Kentucky Supreme Court's ruling in *McClanahan v. Commonwealth*, and, as a result, the "Harlan Circuit Court abused it's [sic]

10

authority when it refused to correct" his sentence. (R. 1, at 7; R. 1-1, at 9-13). He further asserts that because his sentence is invalid, he is being imprisoned in violation of the Due Process Clause of the Fifth and Fourteenth Amendments, as well as the Eighth Amendment. (R. 1-1, at 8-13). Finally, Petitioner asserts that the circuit court abused its discretion when it "amended" Petitioner's motion from one brought pursuant to RCr 11.02 to one brought under RCr 11.42 because under the Kentucky Supreme Court's ruling in *Winstead v. Commonwealth*, "sentencing errors are not reviewable under a RCr[] 11.42 rule." (R. 1, at 7; *Id*. at 6). He requests this Court to reduce his sentence to twenty years, following *McClanahan*.

In *McClanahan*, the Kentucky Supreme Court held that a sentence imposed above the statutory limits allowed by KRS § 532.110(1)(c) is void and unenforceable regardless of whether a defendant agreed to the sentence in a prior plea agreement. 308 S.W.3d at 701. Here, at the time the Petitioner signed his plea agreement and agreed to a sentence higher than the statutory maximum under Kentucky law when each of his sentences were imposed consecutively, such agreements were legal. *See Myers v. Commonwealth*, 42 S.W.3d 594 (Ky. 2001); *see also Johnson v. Commonwealth*, 90 S.W.3d 39, 44 (Ky. 2002). Further, as the Kentucky Court of Appeals noted in affirming the circuit court's denial of Petitioner's 11.42 motion, the rule in *McClanahan* overruling *Myers* and *Johnson* does not apply retroactively to Hall's sentence, imposed in 2009. *See Berry v. Commonwealth*, No. 2015-CA-001897-MR, 2017 WL 4712777, at *3 (Ky. Ct. App. Oct. 20, 2017); *see also Leonard v. Commonwealth*, 279 S.W.3d 151, 160-61 (Ky. 2009). (R. 9-2, at 60-61). Petitioner's argument that his sentence is void pursuant to the Kentucky Supreme Court's decision in *McClanahan*, and thus his imprisonment violates his rights under the Fifth, Fourteenth, and Eighth Amendments, is of no avail.

11

Petitioner cites to *Gibbs v. Commonwealth*, 208 S.W.3d 848 (Ky. 2006), and *Ratliff v. Commonwealth*, 194 S.W.3d 258, to support his argument that his sentence should be reduced because it is above the statutory maximum. However, these cases can be distinguished, as the final judgments and sentences in these cases were the result of a trial, and not agreed to in a plea agreement, as in Hall's case. *Gibbs*, 208 S.W.3d at 855; *Ratliff*, 194 S.W.3d at 276-77. Consequently, *McClanahan* does not apply retroactively to invalidate Hall's sentence, and the Petitioner has not shown any error by the Harlan Circuit Court in denying his RCr 11.42 motion, the Kentucky Court of Appeals in upholding the circuit court's denial, or the Kentucky Supreme Court in denying discretionary review.

Moreover, Petitioner has not shown a violation of clearly established federal law to warrant relief. Petitioner asserts that his sentence "exceeds the lawful range of punishment" established by Kentucky law, and, as a result, it was "a clear abuse of discretion" for the Kentucky Court of Appeals and Supreme Court "to fail to correct this fundamental denial of procedural due process." (R. 1-1, at 9-10). Petitioner quotes *Schulp v. Delo*, 513 U.S. 298 (1995) to support his assertion, providing, "[i]t is a paradigmatic abuse of discretion for a court to base its judgment on an erroneous view of the law." *Schulp*, 513 U.S. at 333. However, Petitioner's argument is without merit. As discussed above, Petitioner's agreement to a sentence in excess of the statutory maximum was legal under Kentucky law at the time it was imposed, and, under Kentucky law, the decision in *McClanahan* does not apply retroactively to invalidate it. Further, a review of the cases cited by Petitioner does not reveal any governing legal principles from the U.S. Supreme Court which have been violated by the Petitioner's sentence or that have been unreasonably applied by the state court. Thus, Petitioner's sentence is not contrary to, nor an unreasonable application of, federal law.

Finally, Petitioner asserts that the Harlan Circuit Court abused its discretion when it "amended" Petitioner's motion as being brought under RCr 11.42, as opposed to being brought under RCr 11.02. He asserts that under *Winstead*, "sentencing errors are not reviewable under" RCr 11.42. However, Petitioner's argument is incorrect. As the Harlan Circuit Court noted, Rule 11.02 provides no avenue for relief from sentencing errors. *See* Ky. R. Crim. P. 11.02. (R. 9-2, at 25). As discussed above, the proper avenue for a prisoner to correct a sentence can be found under RCr 11.42 and CR 60.02. *See Gross*, 648 S.W. 2d at 857; *Meece*, 529 S.W.3d at 285; *Phon*, 545 S.W.3d at 304. Additionally, Hall misconstrues *Winstead*. In that case, the Kentucky Supreme Court addressed "whether CR 60.02 is a proper mechanism for seeking relief from a judicial error after the time for filing a direct appeal has expired." *Winstead*, 327 S.W.3d at 487. At no point in the case does the Kentucky Supreme Court hold that RCr 11.42 is not available to prisoners seeking to correct a sentence. Rather, the Kentucky Supreme Court articulated that "relief under CR 60.02 is available only to resolve issues that could not have been raised at trial, on direct appeal, *or by a motion for relief under RCr 11.42*." *Id*. (internal quotations omitted) (emphasis added). Accordingly, in addition to his § 2254 Petition being barred by the AEDPA statute of limitations, the claims presented in Hall's Petition are without merit.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings for the United States District Courts, the District Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant. A certificate may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of Hall's § 2254 Petition or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 237 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it will be recommended that a certificate of appealability be **denied** upon the District Court's entry of its final order in this matter.

## IV.    CONCLUSION AND RECOMMENDATION

For the reasons stated herein, **IT IS RECOMMENDED** that:

1) Hall's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (R. 1) **be denied** and this matter **be dismissed;**

2) a Certificate of Appealability **be denied** in conjunction with the Court's entry of its final order in this matter;

3) Judgment in favor of the Respondent **be entered** contemporaneously with the District Court's entry of its final order; and

4) this case **be stricken** from the active docket of this Court.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (b) of the statute. *See also*

Rules Governing Section 2254 Proceedings for the United States District Courts, Rule 8(b). Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Dated this 20th day of August, 2019.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\habeas petitions\2254 General\17-197-JMH Hall R&R final.docx