UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at LONDON**

| | | |
|---|---|---|
| ROGER DEAN HALL, | ) | |
| | ) | |
| Petitioner, | ) | Case No. |
| | ) | 6:17-cv-197-JMH-CJS |
| v. | ) | |
| | ) | **MEMORANDUM** |
| JAMES DAVID GREEN, Warden of | ) | **OPINION AND ORDER** |
| Eastern Kentucky Correctional | ) | |
| Complex, | ) | |
| | ) | |
| Respondent. | | |

\*\*\*

This matter is before the Court on Petitioner Roger Dean Hall's motion to amend, alter, or vacate the final judgment[1] [DE 16] and order [DE 15] entered in this case on September 5, 2019. [DE 19]. Additionally, the Court will address Hall's motion to for leave to supplement his objection to the Magistrate Judge's report and recommendation in this case. For the reasons set forth below, the Court will grant both of Hall's motions.

---

[1] "A document filed pro se is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(internal citations omitted). The Court will construe this motion as one to alter, amend, or vacate a judgment pursuant to Federal Rule of Civil Procedure 59(e). Hall's motion is titled "motion for court to correct fundamentally incorrect order as filed on 09/05/19, objection to court's order, and the facts relied upon therein." Because Hall asks the Court to consider his objections to the report and recommendation in this case, he is requesting that the final judgment in the matter be vacated.

**FACTUAL AND PROCEDURAL BACKGROUND**

Hall is an inmate at the Eastern Kentucky Correctional Complex in West Liberty, Kentucky. [DE 1]. Hall filed a petition for writ of habeas corpus on July 14, 2017 pursuant to 28 U.S.C. § 2254. [DE 1]. He alleged that his state-imposed sentence violated new Kentucky case law and provisions of the United States Constitution. On August 20, 2019, United States Magistrate Judge Candace J. Smith filed a report and recommendation in the matter pursuant to 28 U.S.C. § 636(b). [DE 20]. The report proposed that Hall's petition be dismissed for failure to meet the applicable statutes of limitations and found that, regardless of any time bar, Hall's claims also failed on the merits. [*Id.*].

Sixteen days later, on September 5, 2019, this Court entered an order and judgment adopting Magistrate Judge Smith's report. [DE 16]. The memorandum opinion and order stated that the report was ripe for a ruling because Hall failed to file an objection. [DE 15 at 1]. On that same day, the Clerk entered Hall's objection to Magistrate Judge Smith's report, which was postmarked on September 3, 2019. [DE 17]. On September 9, 2019 (filed September 17, 2019), Hall's motion for leave to submit additional facts and authorities in support of his objection was postmarked. [DE 18].

On September 18, 2019, the Court received from Hall a "motion for the court to correct a fundamentally incorrect order." [DE 19]. Hall argued that he did timely file an objection on September

2

3, 2019, which was entered by the Clerk on September 5, 2019. [*Id.* at 1-2]. He attached the "Legal Mail Log Record," which shows that he submitted the document into that system on August 30, 2019. [DE 19-1 at 4-5]. Additionally, Hall points out that the Court's order refers to him in one instance as "Combs" instead of Hall. [*Id.* at 2].

Hall filed a notice of appeal on September 18, 2019. [DE 20]. On September 19, 2019, the United States Court of Appeals for the Sixth Circuit entered a notice that the case would be held in abeyance until this Court ruled on the pending motions in the case. [DE 22]. On October 9, 2019, Hall filed a motion for leave to proceed on appeal *in forma pauperis*. [DE 24].

## DISCUSSION

**A. Motion to alter, amend, or vacate the order and judgment**

Hall's primary complaint is the Court's finding that he did not file a timely objection to the report and recommendation. Regrettably, the Court relied on the date the objection was filed with the Clerk's office and failed to consider the prisoner mailbox rule and its implications on Hall's filing.

The prisoner mailbox rule is a judicially created doctrine requiring federal courts to use as the filing date the day the document is handed to prison officials for transmittal to the Clerk. *Houston v. Lack*, 487 U.S. 266, 270 (1988). Additionally, the Rules Governing Section 2254 Cases in the United States

3

District Courts § 3(d) states: "A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing." If the institution where the prisoner resides has a system designed for legal mail, the inmate must use that system to receive the benefit of the prisoner mailbox rule. Rules Governing Section 2254 Cases § 3(d). Local Rule 72.2 states that objections to non-dispositive rulings of a magistrate judge must be filed within fourteen days of service of the order.

Although it is unclear when Hall received the report and recommendation, if he was served on August 20,[2] his objection was still timely. He submitted the objection to the prison's legal-mail system on August 30, 2019, well within the fourteen-day deadline. [DE 19-1 at 4]. The objection was postmarked on September 3, 2019, still within the fourteen days. Considering the prison mailbox rule and the local rules of the Eastern District of Kentucky, Hall did timely file his objection to Magistrate Judge Smith's report and recommendation.

A motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) should be granted only where "there is a

---

[2] It seems unlikely that Hall would have received service of the report and recommendation on August 20, 2019. Even if Hall failed to file the objection until September 4 or September 5, the prisoner mailbox rule would likely protect his filing based on the actual date he was served with the report and recommendation.

clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). Here, the Court admits clear error of law by failing to apply the prisoner mailbox rule. Thus, the order and judgment must be vacated.

**B. Motion for leave to supplement**

As a general rule, leave to amend is liberally granted, except when the amendment would be futile. *Frank v. D'Ambrosi*, 4 F.3d 1378, 1386 (6th Cir. 1993); *Newell v. Brown*, 981 F.2d 880 (6th Cir. 1992). Hall includes additional case law and arguments relating to the report and recommendation in his motion to supplement or amend the objection he filed. In its discretion, the Court will allow Hall to supplement his objection in the record.

Having considered the matter fully, and being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

(1) The Court's September 5, 2019 Order [DE 15] and Judgment [DE 16] are **VACATED**;

(2) Petitioner Roger Dean Hall's motion construed as a motion to alter, amend, or vacate a judgment [DE 19] is **GRANTED IN PART**, insofar as it argues that Hall did timely file his objection to the report and recommendation;

(3) Petitioner Roger Dean Hall's motion for leave to supplement or amend his objection [DE 17] is **GRANTED**; and

(4) The Clerk **SHALL** enter Petitioner Roger Dean Hall's supplement to his objection [DE 18] in the record.

This the 19th day of December, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge