```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                    SOUTHERN DIVISION at LONDON
```

| | | |
|---|---|---|
| ROGER DEAN HALL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6:17-197-JMH |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES DAVID GREEN, | ) | **MEMORANDUM OPINION** |
| Warden,[1] | ) | **and ORDER** |
| | ) | |
| Defendant. | ) | |

                    ***   ***   ***   ***

This matter is before the Court on the Magistrate Judge's Recommended Disposition (DE 14) and Roger Dean Hall's objections (DE 17), as well as his "supplemental facts," which the Court construes as additional objections. (DE 18 & 29). On July 14, 2017, Hall filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (DE 1). Pursuant to local practice, this matter was referred to a United States Magistrate Judge for review under 28 U.S.C. § 636(b)(1)(B). On August 20, 2019, Judge Candace Smith issued a Report and Recommendation, recommending that Hall's habeas petition be dismissed, both

---

[1] When Hall originally filed his Petition for Writ of Habeas Corpus, he was incarcerated at the Eastern Kentucky Correctional Complex (EKCC), where Kathy Litteral was previously the Warden; however, the Warden is now James David Green. The only proper respondent to a habeas petition is the petitioner's custodian. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. The Court thus **SUBSTITUTES** James David Green, Warden, in the case caption, whose substitution **SHALL** be recorded by the Court Clerk on the case docket sheet.

procedurally and on the merits. (DE 14). The Court then allowed the 14-day objection period to pass (*see id.*, at 15). Thereafter, recognizing that Hall did not file any objections, and upon review of the Report, the Court adopted the stated findings and conclusions as the Opinion of the Court. (DE 15: Memorandum Opinion; DE 16: Judgment). This same day, the Court received Hall's objections. (*See* DE 17).

Upon receiving Hall's objections, Hall moved the Court to substantiate those objections with additional facts and authorities. (DE 18). Hall also asked the Court to amend, alter, or vacate the judgment previously entered dismissing his petition. (DE 19). The Court admitted clear error of law by failing to apply the prisoner mailbox rule,[2] granted both motions, and vacated its September 5, 2019 Opinion and Judgment denying the § 2254 petition (DE 15 & 16) as requested. (DE 27).

Having now conducted a de novo review of the portions of the Recommended Disposition to which Hall objects, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENY** Hall's habeas petition under 28 U.S.C. § 2254. Moreover, the Court **REFUSES** to issue a certificate of appealability.

---

[2]  While it was unclear to the Court when Hall received Judge Smith's Report and Recommendation (DE 14), the Court recognized that the prisoner mailbox rule was not applied and would have likely afforded him grace had it been applied in this case.

## I. BACKGROUND

On July 17, 2017, Hall filed a habeas petition. Hall's habeas petition alleges asserted several claims; mainly, however, he argued that his thirty-year sentence is in violation of state law based on the Kentucky Supreme Court's ruling in *McClanahan v. Commonwealth*, 308 S.W.3d 694 (Ky. 2010), and that the Harlan Circuit Court abused its authority when it refused to correct his unlawful sentence on review. (DE 1 at 7, DE 1-1 at 9-13). Hall asserted that his petition was timely. (DE 1 at 11). After reviewing Hall's habeas petition and the applicable law, the Magistrate Judge recommended that Hall's petition be dismissed upon initial review due to its untimely filing. (DE 14 at 3-9). The Magistrate Judge also addressed the merits of Hall's claims, recognizing that, even if the Court were to disregard its untimeliness, the petition would still fail on the merits. Judge Smith determined that equitable tolling was not warranted and recommended that no Certificate of Appealability be issued.

Hall has filed objections to the Magistrate Judge's Recommended Disposition. (DE 17, DE 18, DE 29). In his objections, Hall argues that the Magistrate Judge incorrectly interpreted the law regarding the untimeliness of his petition, and that there existed (and continues to exist) no firm deadline for which to file a § 2254 petition. (DE 17 at 1). He also

argues that he had no obligation to file a direct appeal. (*Id.*). Hall further makes frivolous arguments regarding the state court of appeals and state supreme court's alleged conduct of "making" laws, which is contrary to the authority granted to them as judicial entities. (*Id.* at 2). Hall also firmly argues that his sentence is void pursuant to the Kentucky Supreme Court's decision in *McClanahan*, and thus his imprisonment violates his rights under the Fifth, Fourteenth, and Eighth Amendments. (*Id.* at 3-7). Finally, Hall voices disagreement regarding the Magistrate Judge's decision to forego the issuance of a certificate of appealability ("COA"). (DE 18). Hall's latest set of objections (DE 29) raises the same concern regarding the lack of a COA.

This Court performs a de novo review of those portions of the Magistrate Judge's Report and Recommendation to which Defendant has objected. *See* 28 U.S.C. § 636(b). The Court continues to find that Hall's habeas petition must be dismissed.

## II. ANALYSIS

The Court recognizes its obligation to review Hall's objections under a more lenient standard than the one applied to attorneys because he is proceeding *pro se*. *See Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985). Under this more lenient construction, some of Hall's objections are sufficiently definite to trigger the Court's obligation to

conduct a de novo review. *See* 28 U.S.C. § 636(b)(1)(c). The Court has satisfied its duty, reviewing the entire record. For the following reasons, Hall's objections (DE 17; DE 18; DE 29) are **OVERRULED** and his habeas petition under § 2254 (DE 1) is **DISMISSED**.

As an initial matter, the Court notes that most of Hall's objections are not actual objections, but instead a mere restatement of the claims asserted in his petition. Further, Hall displays disagreement with how the law was written and how it has been interpreted and applied to his case. The Court is under no obligation to rectify these concerns.

A person in custody pursuant to the judgment of a state court has a one-year period to apply for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1), this one-year period of limitation begins to run from the latest of four specified dates, one of which is relevant here: "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). The statute of limitations, however, is not jurisdictional. Equitable tolling is warranted under certain circumstances, *Holland v. Florida*, 560 U.S. 631, 645 (2010) (citing *Day v. McDonough*, 547 U.S. 198, 205 (2006)), and should be applied by Courts sparingly. *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003). The burden is on the

petitioner to prove the applicability of equitable tolling. *Id*. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

As noted by the Magistrate Judge:

> [] Petitioner's judgment was entered by the Harlan Circuit Court on November 9, 2009, following the entry of his Alford plea. (R. 9-2, at 15). While Hall waived his right to appeal within his plea agreement, "a defendant may by direct appeal challenge the legality of a sentence imposed pursuant to a guilty plea because sentencing issues are considered 'jurisdictional' and cannot be waived." *Elmore v. Commonwealth*, 236 S.W.3d 623, 626 (Ky. Ct. App. 2007). Out of an abundance of caution, the Court will assume for purposes of the present Petition that, because Petitioner is challenging the legality of his sentence, he would have been able to file a direct appeal in his case. Under Kentucky law, Hall had thirty days to appeal his sentence. *See* Ky. RCr 12.04(3). Therefore, Petitioner's judgment became final on December 9, 2009. [] Petitioner's one-year period under the AEDPA expired on December 9, 2010, and, consequently, Petitioner's pending § 2254 Petition filed in 2017 is barred by the statute of limitations.

(DE 14 at 4).

In this case, Hall points to absolutely no evidence of intentional misleading by Kentucky's post-conviction process. Nor does Hall state that he has been pursuing his rights

diligently, or that some extraordinary circumstance stood in his way. Instead, he merely claims that statute of limitations do not exist, and thus, are inapplicable to bar his claims.

Construing the evidence in Hall's favor, one could say that his above statements boil down to a claim for equitable tolling based on ignorance of the law. But "ignorance of the law alone is not sufficient to warrant equitable tolling." *Ata v. Scutt*, 662 F.3d 736, 743 n.7 (6th Cir. 2011) (quoting *Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005)). Pro se status and limited educational background are not "exceptional circumstances" justifying the application of equitable tolling. *United States v. Evans*, No. 11- CR-43-JMH-REW, 2015 WL 3729332, at *6 (E.D. Ky. June 15, 2015). And an individual's lack of legal training, poor education, or even his illiteracy does not give a federal court a reason to toll the limitations period. *Id*. "Indeed, as most pro se litigants are untrained in the law, statutory limitations would be virtually unenforceable against a pro se party if equitable tolling was applied in every situation where an unrepresented party was ignorant of the law." *Id*. (quoting *Tomlinson v. Hudson*, No. 1:06-CV-687, 2007 WL 1831135, at *7 (N.D. Ohio June 25, 2007)). Hall's petition is untimely, and because equitable tolling does not apply, it should be dismissed accordingly.

As the Magistrate Judge explained in the Report, Hall did not file a direct appeal. Rather, almost six years after his state court judgment was entered, he sought to "Correct [his] Invalid Sentence" in the Harlan Circuit Court under Kentucky Rule of Criminal Procedure ("RCr") 11.02 (*see* DE 1-2 at 13); however, because the former rule provides no relief from sentencing mistakes, the circuit court construed the motion as one brought pursuant to RCr 11.42. (*Id*. at 7-8). The Harlan Circuit Court denied the motion as untimely. (*Id*. at 8). On April 15, 2016, the Kentucky Court of Appeals affirmed the decision of the Harlan Circuit Court, finding the motion untimely, and further, holding that Hall's argument that his sentence was invalid failed on the merits under Kentucky law. (*Id*. at 5-6). On August 17, 2016, the Kentucky Supreme Court denied discretionary review. (*Id*. at 1).

To the extent Hall holds firm that *McClanahan* is applicable to his case,[3] at the time that Hall signed his plea agreement and agreed to a sentence higher than the statutory maximum, under existing state law, when each of his sentences were imposed consecutively, such agreements were legal at the time. *See Myers v. Commonwealth*, 42 S.W.3d 594 (Ky. 2001); *Johnson v.*

---

[3] In *McClanahan v. Commonwealth*, 308 S.W.3d 694, 700-01 (Ky. 2010), the Supreme Court of Kentucky held that a sentence imposed above the statutory limits allowed by KRS § 532.110(1)(c) is void even when the defendant agreed to the sentence.

*Commonwealth*, 90 S.W.3d 39, 44 (Ky. 2002). Moreover, Kentucky Courts have found that the rule in *McClanahan* overruling *Myers* and *Johnson* does not apply retroactively to Hall's sentence, which was imposed in 2009. *Rothfuss v. Commonwealth*, No. 2010-CA-000117-MR, 2010 WL 3361769 (Ky. App. Aug. 27, 2010); *Eads v. Commonwealth*, No. 2010-CA-001318-MR, 2012 WL 512487 (Ky. App. Feb. 17, 2012); *Hall v. Commonwealth*, No. 2015-CA-001315-MR, 2016 WL 1558505 (Ky. App. Apr. 15, 2016); *Berry v. Commonwealth*, No. 2015-CA-001897-MR, 2017 WL 4712777 (Ky. App. Oct. 20, 2017); and *Duncan v. Commonwealth*, No. 2021-CA-0019-MR, --- S.W.3d --, 2021 WL 5141753 (Nov. 5, 2021).

Finally, the Court considers Hall's argument that a certificate of appealability should be granted. (DE 18, 29). Here, because Hall's instant petition is rejected on procedural grounds, in order for a COA to issue, Hall must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As jurists of reason would not find it debatable that the current petition is wholly untimely, the Court concludes that a COA should be **denied.** The Court further **CERTIFIES** that any appeal from this action would not be taken in good faith. FED. R. APP. P. 24.

### III. CONCLUSION

Based on the foregoing, the Court **HEREBY ORDERS** as follows:

(1) The Magistrate Judge's Recommended Disposition (DE 14) is **ADOPTED** and **INCORPORATED** herein by reference;

(2) Roger Dean Hall's petition for a writ of habeas corpus (DE 1) is **DENIED WITH PREJUDICE**;

(3) Hall's objections to the Recommended Disposition (DE 17; DE 18; DE 29) are **OVERRULED**;

(4) A Certificate of Appealability **SHALL NOT ISSUE**; and

(5) Judgment shall be entered contemporaneously with this Order.

Dated this 28th day of January, 2022.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge